**SUPERPOWERAFFILIATES.COM, INC., a Delaware Corporation; Shaun Browne, an individual; et al., Plaintiffs–Appellants,**

v.

**TRANSPORTATION INSURANCE COMPANY, a corporation, Defendant–Appellee.**

No. 07–56757.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 15, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard G. Osborn, Esq., Osborn & Associates, Rancho Cucamonga, CA, for Plaintiffs–Appellants.

Hellar–Ann Hancock, Michelman and Robinson, LLP, Encino, CA, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Superpoweraffiliates.com, Inc. (SPA) appeals the district court's grant of summary judgment in its action asserting breach of contract and bad faith against Transportation Insurance Company. We have jurisdiction pursuant 28 U.S.C. § 1291, review the grant of summary judgment de novo, *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir.2008), and affirm.

■ SPA argues that the insurance company breached its duty to defend by failing to consider extrinsic evidence, its "claim letter," asserting potentially covered claims of advertising injury. The "claim letter" in this case asserted new facts and claims not asserted in SPA's underlying action against A–Frame and was faxed to the insurance company after the insurance company declined to defend and indemnify and after the parties had settled the underlying action. The underlying action was not amended to assert these claims. The letter did not create a duty to defend and the insurance company had no continuing duty to investigate or to change its decision after receiving the letter. *Safeco Ins. Co. of Am. v. Parks*, 122 Cal.App.4th 779, 19 Cal.Rptr.3d 17, 24–5,

27–8 (2004); *Gunderson v. Fire Ins. Exch.*, 37 Cal.App.4th 1106, 44 Cal.Rptr.2d 272, 277–78 (1995).

■ The district court did not err in finding no duty to defend. The claims and facts alleged in the underlying complaint all arose out of A–Frame's contract with SPA to develop software. It was apparent from the complaint that these claims are not covered by the policy; they are explicitly excluded by the Professional Services Exclusion. SPA's alternative theories of coverage are meritless.

SPA argues that waiver, estoppel, forfeiture, or unclean hands bar the insurance company from asserting the professional services exclusion. However, the record does not contain admissible evidence to establish the intent, detrimental reliance, or misconduct necessary to establish waiver, forfeiture, estoppel, or unclean hands. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 635–38 (1995); *Fuller–Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 38 Cal.Rptr.3d 716, 754 (2006).

Since there was no duty to defend, it follows that there was no duty to indemnify and SPA cannot prevail on its bad faith claims. *Certain Underwriters at Lloyd's of London v.Super. Ct.*, 24 Cal.4th 945, 103 Cal.Rptr.2d 672, 16 P.3d 94, 102 (2001); *Waller*, 44 Cal.Rptr.2d 370, 900 P.2d at 639.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.